J-S13003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAHMAL MUNRO | : | |
| | : | |
| Appellant | : | No. 1385 EDA 2019 |

Appeal from the Judgment of Sentence Entered April 22, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002000-2018

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.:                          Filed: August 12, 2021

Appellant, Jahmal Munro, appeals from the April 22, 2019 judgment of sentence that imposed, *inter alia*, an aggregate sentence of 54 to 108 months' incarceration after a jury convicted Appellant of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance and firearms not to be carried without a license, and after the trial court, in a bench trial, convicted Appellant of persons not to possess, use, manufacture, control, sell, or transfer firearms.[1]  We remand this case.

The trial court summarized the procedural history as follows:

[On] February 14, 2018, Appellant was formally arraigned and charged with various violations relating to the possession and

---

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. §§ 6106(a)(1) and 6105(a)(1), respectively.

distribution of a controlled substance and several firearm-related violations. A jury trial commenced [] on March 20, 201[9,] and concluded the following day. [Upon] conclusion of the trial, [the] jury found [] Appellant guilty of [manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance] and [firearms not to be carried] without a license. Based on a stipulation of counsel, the charge of [persons not to possess firearms] was considered by the [trial] court separately. Appellant was found guilty of that charge as well. [On April 22, 2019, Appellant] was sentenced to an aggregate term [] of [54 to 108] months[' incarceration]; ordered to pay costs, fees[,] and other assessments; [ordered] to submit to DNA testing; [ordered] to forfeit firearms and cellphones; and [] declared ineligible for either boot camp or [recidivism risk reduction incentive] treatment.

Trial Court Opinion, 11/1/19, at unnumbered page 1 (extraneous capitalization and footnotes omitted).

On May 2, 2019, while still represented by counsel, Appellant filed *pro se* a post-sentence motion for reconsideration of sentence and a notice of appeal. On May 10, 2019, then-counsel for Appellant, Deon Basheer Browning, Esquire ("Attorney Browning"), filed a motion to withdraw as counsel in which Attorney Browning asserted that he "perfected [Appellant's] appellate rights." Motion to Withdraw as Trial Counsel, 5/10/19, at ¶5. On August 20, 2019, the trial court granted Attorney Browning's motion to withdraw. The trial court subsequently ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 27, 2019, the trial court appointed Harry Kleinman, Esquire ("Attorney Kleinman") as appellate counsel and, again, ordered Appellant to file a Rule 1925(b) statement.

In a September 9, 2019 *per curiam* order, this Court directed Appellant to show cause why his appeal should not be quashed as interlocutory because the trial court did not enter an order concerning Appellant's *pro se* post-sentence motion.[2] *Per Curiam* Order, 9/9/19. On October 21, 2019, Attorney Kleinman filed a statement of intent to file an **Anders** brief,[3] pursuant to Pa.R.A.P. 1925(c)(4). **See** Pa.R.A.P. 1925(c)(4) (stating, "[i]n a criminal case, counsel may file of record and serve on the [trial court] a statement of intent to file an **Anders**[] brief in lieu of filing a [Rule 1925(b)] [s]tatement"). On November 1, 2019, the trial court filed an opinion stating that, "[c]ounsel's statement of intent [to file an **Anders** brief] eliminates [the trial] court's duty to file an opinion under [Rule] 1925(a) since [the trial] court plays no role in evaluating the **Anders** brief." Trial Court Opinion, 11/1/19.

In a December 5, 2019 *per curiam* order, this Court remanded the instant case to the trial court for 30 days in order for the trial court to determine whether Attorney Kleinman abandoned Appellant on appeal. *Per Curiam* Order, 12/5/19. On December 20, 2019, Attorney Kleinman filed with this Court a motion for an extension of time in which to file an **Anders** brief, as well as an appellate docketing statement. In a letter dated December 30,

_____

[2] For reasons discussed in detail *infra*, upon review of the procedural posture of the case *sub judice*, this *per curiam* order was entered in error.

[3] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

2019, the trial court notified this Court that a hearing was held regarding the status of Attorney Kleinman's representation of Appellant and that the trial court was satisfied Attorney Kleinman had not abandoned Appellant.[4]

In a January 9, 2020 *per curiam* order, this Court directed Appellant to file a response to this Court's September 9, 2019 rule to show cause order.[5] *Per Curiam* Order, 1/9/20.  In a February 19, 2020 *per curiam* order, this Court referred the issue raised in the September 9, 2019 rule to show cause order to a merits panel.  *Per Curiam* Order, 2/19/20.  On March 10, 2020, Attorney Kleinman filed an ***Anders*** brief and a petition to withdraw as Appellant's counsel.

In a March 24, 2020 *per curiam* order, this Court directed Attorney Kleinman "to send a new letter addressed to Appellant advising him of his immediate right to proceed *pro se* or with privately retained counsel and to raise any additional points or issues [he] deems worth[y] of [this] Court's attention."  *Per Curiam* Order, 3/24/20 (emphasis omitted).  Attorney Kleinman did not file a response.  In a June 29, 2020 *per curiam* order, this Court directed Attorney Kleinman to comply with the March 24, 2020 *per curiam* order. *Per Curiam* Order, 6/29/20.  Attorney Kleinman did not comply.

---

[4] Attorney Kleinman advised the trial court that he did not receive this Court's prior *per curiam* orders.

[5] In the same *per curiam* order, this Court reset the briefing schedule and, therefore, deemed the motion for extension of time filed by Attorney Kleinman as moot.  *Per Curiam* Order, 1/9/20.

In an October 6, 2020 *per curiam* order, this Court ordered Attorney Kleinman to withdraw his appearance as Appellant's counsel in view of his failure to comply with the March 24, 2020 *per curiam* order. *Per Curiam* Order, 10/6/20. This Court remanded the case and directed the trial court to appoint substitute appellate counsel within 10 days. *Id.* On October 27, 2020, the trial court appointed Steven F. O'Meara, Esquire ("Attorney O'Meara"). Attorney O'Meara filed an appellate brief on March 3, 2021.

Appellant raises the following issues for our review:

1. Is there legally sufficient evidence to sustain the guilty verdicts for firearms not to be carried without a license, [persons not to possess firearms,] and possession of a controlled substance with intent to deliver, where the testimony and evidence presented failed to prove beyond a reasonable doubt that [A]ppellant possessed a firearm or controlled substances with the intent to distribute?

2. Did the assistant district attorney's conduct throughout the trial so prejudice [Appellant] as to prevent [] a fair trial?

   (A) [Did the assistant district attorney prejudice Appellant when she suggested that Appellant intimidated the Uber driver such that the Uber driver was unable to recall at trial the events involving Appellant and the discharge of a firearm?[6]]

_____

[6] In its opening statement, the Commonwealth proffered that an Uber driver, who provided transportation services to Appellant on the day of the incident, would testify that Appellant was in possession of a firearm, which he discharged while in the Uber driver's vehicle. N.T., 3/20/19, at 14-16. At trial, the Uber driver claimed to have no recollection of the events involving the transportation of Appellant or Appellant's discharge of a firearm in the Uber driver's vehicle. *Id.* at 30-39.

(B)   [Did] the assistant district attorney's threat to the [Uber driver in front of] the jury[] that she would [produce] a witness who would testify that the [Uber driver] was intimidated [by Appellant] into not testifying, but was then unable to present said witness[, prejudice Appellant?]

Appellant's Brief at 4 (extraneous capitalization omitted).[7]

Preliminarily, we address the propriety of Appellant's notice of appeal and post-sentence motion for reconsideration of sentence that were filed on the same day and filed *pro se* while Appellant was represented by counsel. These filings implicate the jurisdiction of this Court. **Commonwealth v. Rojas**, 874 A.2d 638, 642 (Pa. Super. 2005) (stating that, when a post-sentence motion is pending, a judgment of sentence does not become final, thereby invoking the jurisdiction of this Court, until the trial court enters an order disposing of the post-sentence motion or the post-sentence motion is denied by operation of law).

Hybrid representation is not permitted in this Commonwealth, and, with limited exception, courts are not to act upon *pro se* filings from a defendant who is represented by counsel. **Commonwealth v. Williams**, 241 A.3d 354 n.1 (Pa. Super. 2020) (stating, "[a]s hybrid representation is not permitted in the Commonwealth, our courts will not [act upon] a *pro se* motion while [a defendant] is represented by counsel; indeed, *pro se* motions have no legal

---

[7] In his brief, Appellant requests permission to file a Rule 1925(b) statement *nunc pro tunc* and further requests that the trial court issue a Rule 1925(a) statement.  Appellant's Brief at 4 n.1.

effect and, therefore, are legal nullities" (original quotation marks omitted)). Rather, the trial court, upon receiving a *pro se* filing from a defendant who is represented by counsel shall, *inter alia*, note on the docket the nature of the *pro se* filing, including its date of submission, and forward the *pro se* filing to counsel of record. ***Id.***; ***see also*** Pa.R.Crim.P. 576(A)(4) (stating, "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time[-]stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt."). Provided that counsel received proper notice of the *pro se* filing pursuant to Rule 576(A)(4), if counsel adopts the *pro se* filing, trial courts shall give force to the *pro se* filing without offending considerations of hybrid representation. ***Commonwealth v. Mason***, 130 A.3d 601, 671 (Pa. 2015). Moreover, because the *pro se* filing of a notice of appeal protects a defendant's constitutional right to an appeal, such a *pro se* filing from a defendant who is represented by counsel will not offend the considerations of hybrid representation.[8] ***Williams***, 241 A.3d at 355; ***see also*** PA Const. Art. 5, § 9

_____

[8] When a defendant who is represented by counsel files *pro se* a notice of appeal with the trial court, the trial court shall, *inter alia*, accept the notice of

(stating, "[t]here shall be a right of appeal in all cases" from the trial court to this Court).

Here, Appellant filed *pro se* his notice of appeal and a post-sentence motion for reconsideration of sentence on May 2, 2019. A review of the trial court docket statement demonstrates that the trial court provided Attorney Browning with notice of Appellant's *pro se* notice of appeal and his *pro se* post-sentence motion.[9] Attorney Browning responded by filing a motion to withdraw as counsel in which Attorney Browning stated that he "perfected [Appellant's] appellate rights." In so stating, Attorney Brown implicitly adopted Appellant's *pro se* post-sentence motion, which preserved certain claims for appeal,[10] and his *pro se* notice of appeal. Therefore, Appellant's

_____

appeal, time stamp it with the date of receipt, make a docket entry reflecting the date of receipt, forward a copy of the time-stamped notice of appeal to the defendant's attorney and the attorney for the Commonwealth, and forward a copy of the time-stamped notice of appeal to this Court. Pa.R.Crim.P. 576(A)(3) and (A)(4); **see also** Pa.R.A.P. 902 (stating, "[a]n appeal permitted by law as of right from a [trial] court to an appellate court shall be taken by filing a notice of appeal with the clerk of the [trial] court within the time allowed"). Upon receipt, this Court shall docket the *pro se* notice of appeal received from the trial court even in the instance where the defendant is represented by counsel in the trial court. 210 Pa. Code § 65.24.

[9] A copy of Appellant's *pro se* notice of appeal and *pro se* post-sentence motion were provided to Attorney Browning on May 3, 2019.

[10] Although, in general, the filing of a post-sentence motion is optional, an issue which can only be decided by the trial court and that has not been raised before or during trial or at sentencing, such as a weight of the evidence claim, the voluntariness of a guilty plea, or a challenge to a discretionary aspect of sentence, must be raised in a timely post-sentence motion in order to be properly preserved. Pa.R.Crim.P. 720(B)(1)(c).

*pro se* submissions did not offend the considerations of hybrid representation. **Mason**, 130 A.3d at 671. As such, the trial court should have acted on Appellant's post-sentence motion. **Commonwealth v. Cooper**, 27 A.3d 994, 1008 (Pa. 2011) (holding that, a *pro se* notice of appeal filed before or contemporaneously with a timely post-sentence motion is deemed a premature *pro se* appeal and does not divest the trial court of jurisdiction to act on the post-sentence motion). Because the trial court did not dispose of this post-sentence motion within 120 days of its filing, Appellant's post-sentence motion was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a) on August 30, 2019.[11] **See** Pa.R.Crim.P. 720(B)(3)(a) (stating, if the trial court fails to dispose of the post-sentence motion within 120 days of its filing, and has not granted a 30-day extension in which to do so, then the motion shall be deemed denied by operation of law).

A review of the trial court docket, however, reveals that the clerk of courts did not enter an order on behalf of the trial court setting forth that the post-sentence motion was denied by operation of law. Pa.R.Crim.P. 720(B)(3)(c) (stating, "[w]hen a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the [trial] court, and, as provided in [Pa.R.Crim.P.] 114, forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney,

---

[11] We recognize that this Court's September 9, 2019 *per curiam* order was in error because it did not contemplate that Appellant's post-sentence motion was denied by operation of law on August 30, 2019.

or the defendant if unrepresented, that the post-sentence motion is deemed denied"). The failure of the clerk of courts to enter an order on behalf of the trial court setting forth that Appellant's post-sentence motion was denied by operation of law constitutes a break-down of the judicial system. Therefore, we deem Appellant's *pro se* notice of appeal to be filed on August 30, 2019, upon denial, by operation of law, of his post-sentence motion. Pa.R.A.P. 905(a)(5) (stating, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). For the foregoing reasons, we conclude, by operation of the applicable procedural rules, that Appellant validly invoked our appellate jurisdiction through the filing of a timely notice of appeal from a judgment of sentence made final by the denial of a post-sentence motion.

We now turn to matters surrounding the application of Rule 1925 within the context of this case. In his brief, Appellant requests permission to file a Rule 1925(b) statement *nunc pro tunc* and requests that the trial court subsequently issue a Rule 1925(a) opinion. Appellant's Brief at 4 n.1. Rule 1925(c)(3) provides that,

> If an appellant represented by counsel in a criminal case was ordered to file a [Rule 1925] statement and failed to do so **or filed an untimely [Rule 1925] statement**, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a [Rule 1925] statement *nunc pro tunc*, and the preparation and filing of an opinion by the [trial court].

Pa.R.A.P. 1925(c)(3) (extraneous capitalization omitted, emphasis added).

The procedural posture of the instant case demonstrates that, on August 27, 2019, the trial court appointed Attorney Kleinman as appellate counsel. On August 30, 2019, the trial court ordered Appellant to file a Rule 1925(b) statement within 21 days. On October 21, 2019, in lieu of a Rule 1925(b) statement, Attorney Kleinman filed a notice of intent to file an **Anders** brief pursuant to Rule 1925(c)(4). After filing an **Anders** brief, Attorney Kleinman failed to comply with this Court's *per curiam* order concerning the necessary notice requirements of **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny.[12] **See** *Per Curiam* Order, 3/24/20; **see also** *Per Curiam* Order, 6/29/20. Attorney Kleinman's failure to file a timely Rule 1925 statement constitutes ineffectiveness *per se*. **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that, the late filing of a Rule 1925 statement constitutes *per se* ineffectiveness).

Pursuant to Rule 1925(c)(3), we remand this case to the trial court in order that Attorney O'Meara may file a Rule 1925(b) statement *nunc pro tunc*

---

[12] Pursuant to **Millisock**, and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his[,or her,] client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The **Anders** brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Orellana**, 86 A.3d at 880.

within 45 days of the date of this memorandum.[13]  Upon the filing of a Rule 1925(b) statement *nunc pro tunc*, the trial court shall file a Rule 1925(a) opinion within 45 days thereafter.

Case remanded.  Jurisdiction retained.

---

[13] The appointment, upon remand, of new appellate counsel pursuant to Rule 1925(c)(3) is unnecessary in the case *sub judice* since Attorney O'Meara was already newly appointed upon Attorney Kleinman's failure to comply with this Court's March 24, 2020 *per curiam* order.